UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jorge O.,[1]

Petitioner,

v.

Todd Blanche, Attorney General; Markwayne Mullin, Secretary U.S. Department of Homeland Security; David J. Venturella, Acting Director of Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement,

Respondents.

Civ. No. 26-3400 (PAM/ECW)

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Jorge O.'s Petition for Writ of Habeas Corpus. ("Pet." (Docket No. 1).) For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner Jorge O. is a citizen of Ecuador. (Id. ¶ 11.) He crossed into the United States via the southern border at an unknown date and time, and claims to have lived in the country since 2022. (Pet. ¶¶ 11, 12; Decl. of Thomas Scheuerle (Docket No. 6) ¶ 4.) He makes no claim as to obtaining any legal status in the United States.

On July 20, 2026, Immigration and Customs Enforcement ("ICE") officers were conducting surveillance in Eagan, Minnesota, and performed a traffic stop on a vehicle in

[1] The Clerk's Office is directed to correct Petitioner's first name on the docket.

which Petitioner was a passenger. (Scheuerle Decl. ¶ 5; id. Ex. C at 2.) Officers determined that the vehicle's owner was illegally in the United States. (Id.) The driver stopped the vehicle in a parking lot of the business where Petitioner worked, and the vehicle's other occupants, including Petitioner, fled on foot. (Id.) ICE officers apprehended him inside the building. (Id.)

An ICE officer asked in Spanish for Petitioner's identification, and he provided his Ecuadorian identification card. (Id. ¶ 6.) An officer then asked if Petitioner had any documents or authorization to legally be in the United States, and Petitioner shook his head indicating that he did not. (Id. ¶ 7.) Petitioner was taken into ICE custody for processing, and later that day, ICE issued and served on Petitioner a Notice to Appear and a Form I-200 Warrant for Arrest of Alien. (Id. ¶¶8, 9; id. Exs. A, B.) Petitioner remains in Respondents' custody at the Freeborn County Jail. (Id. ¶ 6.)

**DISCUSSION**

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, asking the Court to order his immediate release. The Petition alleges Respondents violated Petitioner's constitutional rights, the Administrative Procedure Act, and the Accardi doctrine. Respondents contend that his detention is mandatory pending removal proceedings under 8 U.S.C. § 1225(b)(2).

Under § 1225(b)(2)(A), if an immigration officer "inspect[s]" an "applicant for admission" and determines that he is not clearly entitled to stay in the United States, the alien's arrest and detention are mandatory. 8 U.S.C. § 1225(b)(2)(A). Here, there is no dispute that Petitioner has never been admitted to the United States or that an immigration

officer determined that he was "not clearly and beyond a doubt entitled to be admitted." Id. Petitioner's detention is thus mandatory. See Avila v. Bondi, 170 F.4th 1128, 1136 (8th Cir. 2026) (explaining that "§ 1225(b)(2)(A) mandates the detention of unadmitted aliens already present inside the United States").

Petitioner argues that his detention is pursuant to § 1226(a) because his Notice to Appear cites removal proceedings under Section 240 of the Immigration and Nationality Act ("INA"), and that he therefore is entitled to a bond hearing. But his argument runs squarely against the text of § 1225, which requires that applicants for admission who are "not clearly and beyond a doubt entitled to be admitted . . . be detained for a proceeding under Section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Congress codified Section 1229a as Section 240 of the INA. Thus, the Court rejects the notion that receiving a Notice to Appear for removal proceedings under § 240 of the INA indicates that an alien is not subject to mandatory detention under § 1225. Moreover, a Form I-200 Warrant for Arrest merely indicates which immigration officers may conduct an arrest, not whether an alien is being arrested under § 1226. (See Scheuerle Decl. Ex. B at 1 ("[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act [INA] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations").) Petitioner's arguments against mandatory detention fail.

Petitioner's unlawful arrest claim is unavailing. An immigration officer can "interrogate" an alien or a person suspected to be an alien about his or her right to be in the United States. 8 U.S.C. § 1357(a)(1). The officer may arrest an alien without a warrant if the officer has "reason to believe" that the alien is in the United States in violation of

immigration law and is likely to escape before a warrant can be obtained. See 8 U.S.C. § 1357(a)(2). "'Reason to believe' . . . means constitutionally required probable cause." United States v. Quintana, 623 F.3d 1237, 1239 (8th Cir. 2010).

Here, ICE officers stopped the vehicle in which Petitioner was riding and inquired about the driver's immigration status, and Petitioner ran away. When officers subsequently apprehended Petitioner, he provided Ecuadorian identification and indicated by nodding his head that he had no right to be in the United States. Further, Petitioner was clearly a flight risk, evidenced by the fact that he fled from officers during this encounter. Therefore, there is no doubt that ICE officers had probable cause to arrest Petitioner based on their reasonable belief that he was in violation of immigration law and likely to escape before they could obtain a warrant.[2] Petitioner's Fourth Amendment claim thus fails.

Petitioner claims that Respondents violated his Fifth Amendment right to due process by detaining him without first holding a bond hearing and conducting an individual assessment as to whether he poses a flight risk or a danger to society. Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2), which requires detention. Thus, Petitioner's due process argument misses the mark. Although Petitioner argues that the process set out in § 1225(b) is constitutionally inadequate, he received the process he is due. Therefore, Petitioner's due process claim is without merit.

---

[2] Moreover, Respondents followed procedure to keep Petitioner in custody, as outlined in 8 U.S.C. § 287.3(d). On the day that he was arrested, July 20, 2026, ICE issued a Notice to Appear and a Form I-200. (Scheuerle Decl. Exs. A-B.)

Petitioner's remaining claims fare no better. Because Respondents acted lawfully in arresting and detaining Petitioner, they did not violate the Administrative Procedure Act ("APA"). See 5 U.S.C. § 706(2)(D). Likewise, Petitioner's Accardi claim fails because Petitioner has not demonstrated that any agency failed to follow its regulations. See Accardi v. Shaughnessy, 347 U.S. 260 (1954).

The Court concludes that Petitioner is not entitled to the habeas relief that he seeks, and thus denies his Petition.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and
2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 25, 2026

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge